# UNITED STATES DISTRICT COURT

for the

### Southern District of Texas ▾

### Houston Division

| | |
|---|---|
| Shaun Lee Babineaux | Case No. 4:20cv2705 |
| | *(to be filled in by the Clerk's Office)* |
| _____ | |
| *Plaintiff(s)* | Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | **United States Courts**<br>**Southern District of Texas**<br>**F I L E D** |
| Houston Independent School District; including parties "see attached" | **AUG 03 2020**<br>NOU 096614<br>David J. Bradley, Clerk of Court |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.     The Parties to This Complaint**

   **A.     The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shaun Lee Babineaux |
| Street Address | 5105 North Loop East |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77026 |
| Telephone Number | (713) 384-2419 |
| E-mail Address | ShaunleeBabineaux2020@gmail.com |

   **B.     The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Houston Independent School District |
| Job or Title *(if known)* | Organization - District ID: 4823640 |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 7135567245 |
| E-mail Address *(if known)* | ehutchi1@houstonisd.org |

Defendant No. 2

| | |
|---|---|
| Name | Lisa Sullivan |
| Job or Title *(if known)* | Grant Manager- Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-7245 or 281-250-5984 |
| E-mail Address *(if known)* | ehutchi1@houstonisd.org |

Defendant No. 3

| | |
|---|---|
| Name | Dr. Dawn Dubose-Randle |
| Job or Title *(if known)* | Officer of Leadership - HISD; Chief of Schools - Stafford MSD |
| Street Address | 1633 Staffordshire Road |
| City and County | Stafford, Fort Bend |
| State and Zip Code | Texas, 77477 |
| Telephone Number | 281-261-9342 or 281-261-9342 |
| E-mail Address *(if known)* | bosticr@staffordmsd.org or ddubose@staffordmsd.org |

Defendant No. 4

| | |
|---|---|
| Name | Jermani Justice |
| Job or Title *(if known)* | Senior Manager- Houston Independent School District |
| Street Address | 8106 Erin Ct |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77071 |
| Telephone Number | 713-779-6363 or 832-283-0333 |
| E-mail Address *(if known)* | jermani_shauntai@hotmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 7135567245 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:

The Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12 as amended,

☑    Relevant state law *(specify, if known)*:

Texas Whistleblower Act of 1983,  TEX. GOV ' T CODE § 554.001, § 554.002(a)

☑    Relevant city or county law *(specify, if known)*:

Texas Penal Code §36.06.(a)(1)(A)(B) Retalitation; §39.03.(a)(1)(2)(b) Official Oppression

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:   *see attached*

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
07/16/2018 - 08/15/20

C.   I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race                          *see attached*
- ☐ color
- ☐ gender/sex
- ☑ religion                    *see attached*
- ☐ national origin
- ☐ age *(year of birth)*                          *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.   The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Please find and know that I am filing this action to meet the time contraints of the statute. I reserve the right to amend my petition anytime prior to trial. I was hired as the Growth and Sustainability Specialist for the Teacher and School Leader Grant from the U.S. Department of Education, July 16, 2018. I reported to Lisa Sullivan as my direct manager, Dr. Dawn Dubose-Randle was her direct supervior, and Officer of the Leadership department. Ms. Sullivan kept me from performing my job duties and would often sabotage my projects. I often reported her to Dr. Randle. I also reported to Dr. Randle that there was no data collected for the TSL grant that was needed to report to the U.S. Department of Ed. Ms. Sullivan kept me from going to the 88 grant campuses to collect data, U.S. Department Ed conference calls, and other vital meetings. Ms. Sullivan was changing my job title at her will. *see attached*

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
04-02-2019 EEOC Inquiry # - 460-2019-03100
08-13-2019 EEOC Charge # - 460-2019-05806

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   05-06-2020          .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I would like the court to award me relief for: (1) compensatory damages; (2) general damages; (3) punitive damages; (4) special damages; (5) court costs; and (6) constulting attorney fees. In addition, I, the employee, is entitled to back pay; front pay; lost benefits such as health, vacation, sick leave, holiday, EAP, TRS pension, and update years of service; immediate reinstatement at orginal hired offer paygrade 30; reasonable accommodations for my religious practices; reinstatement to paygrade 30 position (or better), compensation for wages lost during the period of termination; reinstatement of fringe benefits of workers compensation for job injuries was never paid to me and the TSL mileage that was never paid to me because of my termination. Replacement of all TRS benefits I withdrawn during the period of termination that were used for my living and medical exspenses; replacement of TRS and IRS Tax retirement penalties. *see attached"

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        07/30/2020

Signature of Plaintiff    _____

Printed Name of Plaintiff    Shaun Lee Babineaux

### B.   For Attorneys

Date of signing:        _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

United States District Court for the Southern District of Texas Houston Division - ATTACHED DOCUMENTS                                                                 1

## SHAUN LEE BABINEAUX

-V-

**HOUSTON INDEPENDENT SCHOOL DISTRICT; LISA SULLIVAN**, individually and in her official capacity as Teacher and School Leader Incentive Program Grant Manager; **DR. DAWN DUBOSE-RANDLE**, a/k/a Dawn Dubose, individually and in her former official capacity as Officer Leadership and Development and her membership to Alpha Kappa Alpha Sorority, Incorporated; **JERMANI JUSTICE**, a/k/a Jermani Morris, individually and in her former official capacity as Senior Manager for ROSES Project; **TONNIS A. HILLIARD**, individually and in her official capacity as Officer Human Capital and her membership to Alpha Kappa Alpha Sorority, Incorporated; **CLAUDIA HERNANDEZ**, individually and in her official capacity as Investigator; **ABIGAIL TAYLOR**, individually and in her official capacity as Assistant Superintendent; **JULIA DIMMITT**, individually and in her official capacity as Chief Human Resource Officer; **DR. GRENITA LATHAN**, individually and in her official capacity as Interim Superintendent and her membership to Alpha Kappa Alpha Sorority, Incorporated; **RICK CRUZ**, individually and in his official capacity as Chief Strategy and Innovation Officer; **DR. KENNETH DAVIS**, individually and in his official capacity as Area Superintendent; **LYNN CASTELA**, individually and in her official capacity as Investigator; **DR. DORIS DELANEY**, individually and in her official capacity as Appointed Conservator for HISD by Texas Education Agency of Travis County, Texas and her membership to Alpha Kappa Alpha Sorority, Incorporated; **AJ CRABILL**, individually and in his official capacity as Deputy Commissioner of Governance – Texas Education Agency of Travis County, Texas; **ANNE SUNG**, individually and in her official capacity as Board Member; **HOLLY MARIA FLYNN VILASECA**, individually and in her official capacity as Board Member; **KATHY BLUEFORD-DANIELS**, individually and in her official capacity as Board Member; **PATRICIA K. ALLEN**, individually and in her official capacity as Board Member; **DANIELA HERNANDEZ** a/k/a DANI, individually and in her official capacity as Board Member; **ELIZABETH SANTOS**, individually and in her

See Attached                                                                                                          2

official capacity as Board Member; **SUE DEIGAARD**, individually and in her official capacity as Board

Member; **WANDA ADAMS**, individually and in her official capacity as Board Member; **JUDITH CRUZ**,

individually and in her official capacity as Board Member; **ALPHA KAPPA ALPHA SORORITY,**

**INCORPORATED International Headquarters**, individually as a corporation that govern subchapters

internationally, domestically, and in their official capacity to uphold compliance and annul associates

membership, of Cook County, Illinois; **MELINDA MARTIN**, a/k/a Melinda Southan, individually and in her

official capacity as Manager, Investigators; **KRISTY DOBSON**, individually and in her official capacity as

Grievance Coordinator.

See Attached                                                                                              3

**I.      The Parties to This Complaint**

**B.                                                    The Defendant(s)**

**Defendant No. 5**

| | |
|---|---|
| Name | Tonnis A. Hilliard |
| Job or Title (if known) | Officer Human Capital – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-7245 |
| E-mail Address (if known) | thillia1@houstonisd.org |

**Defendant No. 6**

| | |
|---|---|
| Name | Claudia Hernandez |
| Job or Title (if known) | Investigator – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-7313 |
| E-mail Address (if known) | cherna24@houstonisd.org |

See Attached                                                                         4

**Defendant No. 7**

Name Job or Title (if known)        Abigail Taylor

Street Address                      Assistant Superintendent – Houston Independent School District

City and County                     4400 W 18th Street

State and Zip Code                  Texas, 77092-8501

Telephone Number                    713-696-0633

E-mail Address (if known)           ATAYLOR9@houstonisd.org


**Defendant No. 8**

Name                                Julia Dimmitt

Job or Title (if known)             Chief Human Resource Officer - Houston Independent School District

Street Address                      4400 W 18th Street

City and County                     Houston, Harris

State and Zip Code                  Texas, 77092-8501

Telephone Number                    713-556-7353

E-mail Address (if known)           JDimmitt@HoustonISD.org

See Attached                                                                                        5

**Defendant No. 9**

Name                                        Dr. Grenita Lathan

Job or Title (if known)                     Interim Superintendent - Houston Independent School District

Street Address                              4400 W 18th Street

City and County                             Houston, Harris

State and Zip Code                          Texas, 77092-8501

Telephone Number                            713-556-6300

E-mail Address (if known)                   Glathan@houstonisd.org


**Defendant No. 10**

Name                                        Rick Cruz

Job or Title (if known)                     Chief Strategy and Innovation Officer - Houston Independent School District

Street Address                              4400 W 18th Street

City and County                             Houston, Harris

State and Zip Code                          Texas, 77092-8501

Telephone Number                            713-556-7510

E-mail Address (if known)                   RCruz8@houstonisd.org

See Attached                                                                    6

**Defendant No. 11**

| | |
|---|---|
| Name | Dr. Kenneth Davis |
| Job or Title (if known) | Area Superintendent - Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-4447 |
| E-mail Address (if known) | KDavis17@houstonisd.org |

**Defendant No. 12**

| | |
|---|---|
| Name | Dr. Doris Delaney |
| Job or Title (if known) | TEA Conservator – Houston Independent School District (Please contact TEA) |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6000 or 512-463-9734 |
| E-mail Address (if known) | doris.delaney@houstonisd.org |

See Attached                                                                        7

**Defendant No. 13**

Name                                    AJ Crabill

Job or Title (if known)                 Deputy Commissioner of Governance -- Texas Education Agency

Street Address                          1701 N. Congress Avenue

City and County                         Austin, Travis

State and Zip Code                      Texas, 78701

Telephone Number                        512-463-9734

E-mail Address (if known)               a.j.crabill@tea.texas.gov

**Defendant No. 14**

Name                                    Lynn Castela

Job or Title (if known)                 Investigator -- Houston Independent School District

Street Address                          4400 W 18th Street

City and County                         Houston, Harris

State and Zip Code                      Texas, 77092-8501

Telephone Number                        713-556-6000

E-mail Address (if known)               LCASTELA@houstonisd.org

See Attached                                                                8

**Defendant No. 15**

| | |
|---|---|
| Name | Anne Sung |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

**Defendant No. 16**

| | |
|---|---|
| Name | Holly Maria Flynn Vilaseca |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

See Attached                                                                                    9

**Defendant No. 17**

| | |
|---|---|
| Name | Kathy Blueford-Daniels |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

**Defendant No. 18**

| | |
|---|---|
| Name | Patricia K. Allen |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

See Attached                                                              10

**Defendant No. 19**

| | |
|---|---|
| Name | Daniela "Dani" Hernandez |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

**Defendant No. 20**

| | |
|---|---|
| Name | Elizabeth Santos |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

See Attached                                                                              11

**Defendant No. 21**

| | |
|---|---|
| Name | Sue Deigaard |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

**Defendant No. 22**

| | |
|---|---|
| Name | Wanda Adams |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

See Attached                                                                    12

**Defendant No. 23**

| | |
|---|---|
| Name | Judith Cruz |
| Job or Title (if known) | Board Member – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-6121 |
| E-mail Address (if known) | BoardServices@houstonisd.org |

**Defendant No. 24**

| | |
|---|---|
| Name | Alpha Kappa Alpha Sorority, Incorporated International Headquarters |
| Job or Title (if known) | Director of Membership – In association of members mentioned in this lawsuit. |
| Street Address | 5656 South Stony Island Avenue |
| City and County | Chicago, Cook |
| State and Zip Code | Illinois, 60637 |
| Telephone Number | 773-684-1282 |
| E-mail Address (if known) | pwatkins@aka1908.com |

See Attached                                                                13

**Defendant No. 25**

| | |
|---|---|
| Name | Melinda Southan-Martin |
| Job or Title (if known) | Manager, Investigators – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-7333 |
| E-mail Address (if known) | MSouthan@houstonisd.org |

**Defendant No. 26**

| | |
|---|---|
| Name | Kristy Dobson |
| Job or Title (if known) | Grievance Coordinator – Houston Independent School District |
| Street Address | 4400 W 18th Street |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77092-8501 |
| Telephone Number | 713-556-7333 |
| E-mail Address (if known) | KDobson@houstonisd.org |

See Attached                                                                                         14


III.   Statement of Claim                 **Dates- took place between 07/16/18 – 08/15/19**


1. **HOUSTON INDEPENDENT SCHOOL DISTRICT-** Intentional Infliction of Emotional and Mental

   Distress under Texas law and Retaliation under Title VII, and Plaintiff reasserts her remaining claims for

   religious and race discrimination under Title 42 U.S.C. § 2000e, immediately began retaliating against

   her for having questioned the use of the TSL grant funds when she discovered that the Leadership

   Department was out of money from Title II and V funds and was using TSL funds to sustain the

   department. Also, when Plaintiff reported that there was no data collected for year one for the grant for

   the 88 campuses that were supported by the TSL grant. This data was supposed to be used to report to

   U.S. Department of Education for the district to remain in compliance. In the process of Plaintiff

   upholding the HISD policy and reporting claims in good faith, the Plaintiff was denied due process, and

   many violations against HISD own policy were offended by administrators. After many complaints to

   Employee Relations, Office of Superintendent, and Board Services. The Plaintiffs confidentiality was

   violated, her complaints were released to people that were in other departments, including the

   department she was transferred into.

2. **LISA SULLIVAN** – discriminated against Plaintiff in retaliatory acts in connection to reporting lack of

   data and questionable spending of the TSL grant fund in the department of Leadership and

   Development.  As well as questioning the reports for TSL year one documentation to be submitted to

   U.S. Department of Education for the TSL grant, after Plaintiff reported to Dr. Randle that Ms. Sullivan

   was keeping information about TSL from her and wouldn't allow her to talk about TSL. Plaintiff I

   endured disparate treatment such as; being yelling at, snatching items out of her hand, calling her natural

   curly hair "*wiry*" or "*out of control*", criticizing Plaintiff work, and asking "*where did I get my education*

See Attached                                                                                                       15

*from*". Dr. Randles Executive Assistant (Adrianette Garcia told the Plaintiff that she was documenting and building a case against her and give to Dr. Randle, then told her to watch her back. Also, the Plaintiff discriminated against with the connection to compensation, terms, conditions, and privileges of Plaintiffs employment in violation of 42 U.S.C. § 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion and race. After no relief, Plaintiff reported both Ms. Sullivan and Dr. Randle internally and externally.

3. **DR. DAWN DUBOSE-RANDLE** – After Plaintiff reported Dr. Randle, Dr. Randle began to discriminate against the Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff religious observances, practices, or beliefs. Stating, "*That I use my religion as a weapon. And that's something she would never do*". Dr. Randle removed Plaintiff from projects she had previously allowed the Plaintiff to manage; superseded her authority by giving orders and reassigning different projects and tasks directly to other TSL staff members. She gave the Plaintiff a memorandum while Dr. Randle was assigned to investigate the claims, Plaintiff told employee relations about Ms. Sullivan (which she never mentions before the memorandum). Plaintiff was subjected to acts of harassment, humiliation, and intimidation in the workplace, including hostile work environment were many supervisors witnessed and were told that no one can be seen speaking to the Plaintiff, otherwise aware of the hostile work environment, and did not take reasonable measures to prevent or correct the behaviors. Plaintiff complained of the hostile work environment to Senior management. Dr. Randle failed to take prompt corrective action to remedy the behaviors, also participated in the creating an elevated environment of hostility. This retaliation was and is due to Plaintiff exercising her rights by reporting the occurrences to Employee Relations. By HISD Policy, Dr. Randle was supposed to document each time Plaintiff came to her with a concern about Ms. Sullivan to HR and Dr. Randle never

once reported any occurrence to HR until she created the memorandum after Plaintiff filed a complaint

on her. Dr. Randle no longer goes by Randle. She is working under the name of Dawn Dubose, at

Stafford Municipal School District, Chief of Schools. Member of Alpha Kappa Alpha Sorority,

Incorporated.

4. **JERMANI JUSTICE-** Negligent conduct in falsely terminating my employment by using created,

fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior

and thus caused intentional infliction of mental and emotional distress based off information given to her

from other department members within HISD. She also violated medical rights, disrupted protected

employment activities such as: lunch breaks, withheld vital information about my job, and isolated

Plaintiff from meetings where other team members were invited. She boldly lied on the Plaintiff and was

not given a consequence for her action. She would often tell Plaintiff that she knows about what happen

to Plaintiff in the last department she was in and would use quotes that came from meetings that the

Plaintiff can recall to intimidate her. She also made a comment in front of the Plaintiff and another

coworker that she was going to get a letter of recommendation from Dr. Lathan for AKA (Alpha Kappa

Alpha Sorority, Incorporated). Ms. Justice intentionally reprimanded the Plaintiff for acts she did not

commit, falsified dates, and committed fraud against a public servant for misrepresenting information in

the memorandum submitted seeking retaliation when the Plaintiff reported her to Dr. Davis for lying on

her during an annual PLS event. The conduct was extreme and outrageous and proximately caused

Plaintiff severe emotional and mental distress. The Plaintiff reported Ms. Justice to her supervisor, and

also reported her internally and externally.

5. **TONNIS A. HILLIARD-** denied me due process violation against its own policy after many

complaints to Employee Relations, Office of Superintendent, and Board Services. Violated Plaintiff

confidentiality, by releasing the Plaintiff complaints to the people Plaintiff made complaints on in the

See Attached                                                                                                    17

department she was in, and also to other managers in other departments she was transferred too. Member of Alpha Kappa Alpha Sorority, Incorporated.

6. **CLAUDIA HERNANDEZ-** denied the Plaintiff due process violation against its own policy after many complaints to Employee Relations, Office of Superintendent, and Board Services. Violated the Plaintiff confidentiality, by releasing the Plaintiff complaints to the people the Plaintiff made complaints on in the department I she in, and also to other managers in other departments she was transferred too

7. **ABIGAIL TAYLOR-** Violated HISD Policy and didn't uphold the TADS Appraisal performance regulations set by the State of Texas. She was in the meeting with Ms. Sullivan and Plaintiff (Plaintiff was told she was a guide for compliance purposes) for a mid-year evaluation. Ms. Sullivan only reviewed her rating that she was giving the Plaintiff and discussed confidential information from mediation meetings that they had concerning the Plaintiffs grievances. Ms. Sullivan also verbally accused Plaintiff yelling at Dr. Randle and involving other people in the department in disputes (which there are no record of). Not once, did Ms. Sullivan or Ms. Taylor ask to see Plaintiff documentation or the rating Plaintiff gave herself. Later, Plaintiff learned that there is no such thing of a mid-year evaluation, but a mid-year check to see if Plaintiff was meeting her goals that were set in the beginning of the year and to see if she was on target. Ms. Taylor never intervene when she saw that the meeting wasn't being performed by state compliance and also allowed the meeting to enter personal information to humiliated the Plaintiff that had nothing to do with her work in the department or the goals that was set in the beginning of the year. Ms. Taylor is the Assistant Superintendent of Appraisals for the district and allowed TADS violations to occur, but also HISD policy to be violated as well. By HISD Policy, Ms. Taylor was supposed to document the altercation to HR and she never reported this occurrence to HR.

See Attached                                                                                          18

8. **JULIA DIMMITT**- denied me due process violation against its own policy after many complaints to Employee Relations, Office of Superintendent, and Board Services. Violated the Plaintiff confidentiality, by releasing the Plaintiff complaints to the people the Plaintiff made complains on in the department that she was in, and also to other managers in other departments she was transferred too.  She also is negligent in conduct in falsely terminating the Plaintiff employment by using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent misrepresentation of information occurred when Julia Dimmitt recklessly accepted a false statement, without a reasonable belief that the statement was true, nor did she investigate or provide documentation that proved that the Plaintiff violated HISD policy.

9. **DR. GRENITA LATHAN**- denied the Plaintiff due process violation against its own policy after many complaints to Employee Relations, Office of Superintendent, and Board Services. Violated my confidentiality, by releasing my complaints to the people the Plaintiff made complains on in the department she was in, and to other managers in other departments she was transferred too. She also is negligent in conduct in falsely terminating my employment by using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent misrepresentation of information occurred when Dr. Grenita Lathan recklessly accepted a false statement, without a reasonable belief that the statement was true, nor did she investigate or provide documentation that proved that the Plaintiff violated HISD policy. Member of Alpha Kappa Alpha Sorority, Incorporated.

10. **RICK CRUZ**- Negligent conduct in falsely terminating my employment by using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent misrepresentation of

See Attached                                                                                           19

information occurred when Rick Cruz recklessly accepted a false statement, without a reasonable belief

that the statement was true, nor did he investigate or provide documentation that proved that the Plaintiff

violated HISD policy.

11. **DR. KENNETH DAVIS-** Negligent conduct in falsely terminating my employment by using created,

fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior

and thus caused intentional infliction of mental and emotional distress by wrongfully terminating

Plaintiff. Negligent misrepresentation of information occurred when Dr. Davis recklessly accepted a

false statement, without a reasonable belief that the statement was true, nor did he investigate or provide

documentation that proved that I violated HISD policy.

12. **LYNN CASTELA-** denied me due process violation against its own policy after many complaints to

Employee Relations, Office of Superintendent, and Board Services. Violated my confidentiality, by

releasing my complaints to the people I made complains on in the department I was in, and also to other

managers in other departments I was transferred too

13. **DR. DORIS DELANEY-** The Plaintiff contacted the TEA Appointed HISD Conservator for help about

the ongoing issues of unlawfully termination rooted in retaliation from questioning and reporting about

the TSL grant. The Plaintiff explained about the discriminatory acts against her and what she endured (a

hostile environment, isolation, and humiliation). The Plaintiff told her that Employee Relations and the

Office of the Superintendent was aware. The School Board was also aware. Nothing was done. The

Plaintiff sent her two emails with attachments and provided her documentation on the various

departments that were contacted to get help that were not complying with HISD policy and were in

direct violation. Plaintiff never heard back from her. Plaintiff also copied the Deputy Commissioner for

Governance, AJ Crabill. Her job is to provide recommendation and/or direct training for board members

See Attached                                                                                      20

and administrators on identified areas of concern. Member of Alpha Kappa Alpha Sorority,

Incorporated.

14. **AJ CRABILL-** Texas Education Agency's Deputy Commissioner for Governance handles general

inquiries, compliance, investigations educational policies and he was copied on the emails that I sent Dr.

Doris Delaney. I got no response from him. On a separate occasion, the Plaintiff set up a meeting with

him in person at Starbucks and he agreed to meet up with her. When the Plaintiff showed up, he claimed

that he was there, and left.

15. **ANNE SUNG-** Negligent conduct in falsely terminating my employment by using created, fabricated or

altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus

caused intentional infliction of mental and emotional distress. Negligent to investigate claims of

unlawful discriminatory conduct that violate HISD policy and to identify any additional claims revealed

by employees, to investigate those claims, and to take steps to protect those employees who answer

questions during an internal investigation from retaliation. Was emailed documentation on her request

from the Plaintiff and never responded.

16. **HOLLY MARIA FLYNN VILASECA-** Negligent conduct in falsely terminating my employment by

using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary

reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent to

investigate claims of unlawful discriminatory conduct that violate HISD policy and to identify any

additional claims revealed by employees, to investigate those claims, and to take steps to protect those

employees who answer questions during an internal investigation from retaliation.

17. **KATHY BLUEFORD-DANIELS-** Negligent conduct in falsely terminating my employment by using

created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable

behavior and thus caused intentional infliction of mental and emotional distress. Negligent to investigate

See Attached                                                                                    21

claims of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims

revealed by employees, to investigate those claims, and to take steps to protect those employees who

answer questions during an internal investigation from retaliation.

18. **PATRICIA K. ALLEN-** Negligent conduct in falsely terminating my employment by using created,

fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior

and thus caused intentional infliction of mental and emotional distress. Negligent to investigate claims

of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims

revealed by employees, to investigate those claims, and to take steps to protect those employees who

answer questions during an internal investigation from retaliation.

19. **DANIELA HERNANDEZ-** Negligent conduct in falsely terminating my employment by using created,

fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior

and thus caused intentional infliction of mental and emotional distress. Negligent to investigate claims

of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims

revealed by employees, to investigate those claims, and to take steps to protect those employees who

answer questions during an internal investigation from retaliation.

20. **ELIZABETH SANTOS-** Negligent conduct in falsely terminating my employment by using created,

fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior

and thus caused intentional infliction of mental and emotional distress. Negligent to investigate claims

of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims

revealed by employees, to investigate those claims, and to take steps to protect those employees who

answer questions during an internal investigation from retaliation. Was emailed documentation on her

request from the Plaintiff and never responded.

See Attached                                                                22

21. **SUE DEIGAARD-** Negligent conduct in falsely terminating my employment by using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent to investigate claims of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims revealed by employees, to investigate those claims, and to take steps to protect those employees who answer questions during an internal investigation from retaliation.

22. **WANDA ADAMS-** Negligent conduct in falsely terminating my employment by using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent to investigate claims of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims revealed by employees, to investigate those claims, and to take steps to protect those employees who answer questions during an internal investigation from retaliation.

23. **JUDITH CRUZ-** Negligent conduct in falsely terminating my employment by using created, fabricated or altered evidence is an act that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of mental and emotional distress. Negligent to investigate claims of unlawful discriminatory conduct that violate HISD policy and to identify any additional claims revealed by employees, to investigate those claims, and to take steps to protect those employees who answer questions during an internal investigation from retaliation.

24. **MELINDA MARTIN-** denied me due process violation against its own policy after many complaints to Employee Relations, Office of Superintendent, and Board Services. Violated my confidentiality, by releasing my complaints to the people I made complains on in the department I was in, and also to other managers in other departments I was transferred too

See Attached                                                                                      23

25. **KRISTY DOBSON-** denied me due process violation against its own policy after many complaints to Employee Relations, Office of Superintendent, and Board Services. Violated my confidentiality, by releasing my complaints to the people I made complains on in the department I was in, and also to other managers in other departments I was transferred too

26. **Alpha Kappa Alpha Sorority, Incorporated-** Members of your organization have a conflict of interest with the policies at HOUSTON INDEPENDENT SCHOOL DISTRICT. Members are subject to, but not just limited to following the district policies, but have a responsibility to uphold them. Unfortunately, members of your organization have committed unethical acts that are deemed to be Federal and State violations; and are discriminatory in nature. It is believed that the code of conduct of HISD policy has been violated due to the association of your organization. The members of your organization have chosen to protect each other by their association and pledge to their sisterhood, which has caused mental anguish, emotional pain, and humiliation. These adverse actions have led to the unlawfully termination of an employee who reported the conduct that was extreme and outrageous that caused the Plaintiff severe emotional and mental distress.

See Attached                                                                                    24

**V. Relief**                                    **Damages**


(1) **An award of Compensatory damages in the amount of $700,000 to be sufficient to compensate for the retaliatory injuries in this civil action.**

(2) **An award of General damages in the amount of $700,000 for the unlawful discrimination of race, national origin, ethnic groups, and ancestry. An award of General damages in the amount of $700,000 for the unlawful discrimination of religious observance, practices, or beliefs.**

(3) **An award of Punitive damages in the amount $500,000 to be sufficient to punish each defendant, and to deter similar conduct in the future by these defendants.**

(4) **An award of Special damages for negligence and gross negligence by failing to report (in a timely manner) and provide me workers compensation for injuries I sustain at HELC and at the U.S. Department of Education Conference in Puerto Rico. As well as, failing to provide me a reasonable accommodation at work, making me work from home when I was sick at home with a doctor's note, and disregarding my complaints when I felt ill at work.**


**DUE TO THE PANDEMIC, THE RECENT LOCKDOWN HERE IN HOUSTON, AND THE RIGHT-TO-SUE LETTER WAS GIVEN TO ME DURING THE LOCKDOWN 05/06/20 AND I WASN'T ABLE TO LEAVE MY HOME TO SECURE LEGAL REPRESENTATION. ONCE THE LOCKDOWN WAS LIFTED, MANY OF THE ATTORNEY'S STILL WERE CHOOSING NOT TO PRACTICE OR WERE ONLY FOCUSING ON CASES PRIOR TO THE LOCKDOWN. ALSO, MANY OF THE COURTS IN THE CITY OF HOUSTON ARE STILL CLOSED. I DID CONTACT THE EEOC AND ASK FOR AN EXTENSION DUE TO THE PANDEMIC AND I WAS DENIED. GOING PRO SE**

See Attached                                                                        25

**WAS THE ONLY OPTION I HAD TO PROTECT MY FILING DATE GIVEN TO ME BY THE EEOC.**

**PLEASE FIND AND KNOW THAT I AM FILING THIS ACTION TO MEET THE TIME**

**CONSTRAINT OF THE STATUTE. I RESERVE THE RIGHT TO AMEND MY PETITION**

**ANYTIME PRIOR TO TRIAL.**

Respectfully submitted,

Shaun Lee Babineaux

Dated: July 30, 2020

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Shaun L. Babineaux<br>5105 North Loop East<br>Houston, TX 77026 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **460-2019-05806** | **Gerard Ladera,**<br>**Investigator** | **(346) 327-7656** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| X | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| X | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Gerard
Ladera

Digitally signed by Gerard Ladera
DN: cn=Gerard Ladera, o=Houston
District Office, ou=EEOC,
email=gerard.ladera@eeoc.gov,
c=US
Date: 2020.05.06 16:05:46 -05'00'

For     May 6, 2020

Enclosures(s)

**Rayford O. Irvin,**
**District Director**

*(Date Mailed)*

cc:    **Tonnis Hillard, HR Director**
**HOUSTON ISD**
**4400 West 18th St.**
**Houston, TX 77018**

**Lowell Keig, Executive Director**
**TWC / Civil Right Division**
**101 E. 15th Street, Room 144-T**
**Austin, TX 78778**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 – in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 460-2019-05806 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Miss Shaun Babineaux | (713) 384-2419 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 5105 North Loop East, Houston, TX 77026 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HOUSTON ISD | Unknown | (713) 556-6000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4400 West 18th Street, Houston, TX 77018 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-01-2018** Latest **07-18-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

**I was employed by the above employer from 11/2017 until 7/18/2019 when I was terminated. I served as a Sustainability and Growth Specialist.**

**I had been subjected to extreme hostility, harassment, discrimination and retaliation by my supervisor program grant manager Lisa Sullivan (White) due to my race (Black). Ms. Sullivan yelled at me, belittled me in front of other staff, and criticized everything I did on a weekly basis. She hired her friends John Shockley (White) at paygrade 30 and Isabelle Hovey (Hispanic) at paygrade 29, while I remained at paygrade 28, which makes about $20,000 less than paygrade 30, even I hold much more credentials than the above two individuals. I reported to Ms. Sullivan's boss-Dr. Dawn Randall and human resources about the harassment. Nothing was done to remedy the situation. I landed another job within the same district. But Ms. Sullivan continued to bad mouth about me causing the problem with my job leading to termination. My new manager Jermani Justice told me that she was told by "somebody" about my past problem with communication and excluded me from certain business**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Aug 15, 2019**     *Charging Party Signature* <br> Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2019-05806 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

events.

Ms. Sullivan put in her evaluation and confidential information from the internal open investigation, which was accessible to any manager, after I left her department, as a form of retaliation against me.

I also often used "be blessed" as the ending of a conversation and Dr. Randall criticized me as using my religion for being sarcastic and as a defense mechanism.

I believe that I have been discriminated against, due to my race (Black) and my religion (Christianity) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 15, 2019**<br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.