United States District Court
Southern District of Texas
**ENTERED**
July 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAUN LEE BABINEAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-20-2705 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendants' Supplemental Rule 12(b) Motion to Dismiss (Document No. 93) has been referred by the District Judge to the undersigned Magistrate Judge for a memorandum and recommendation. Having considered Defendants' Motion to Dismiss, Plaintiff's Response (Document No. 98)[1], Defendants' Reply (Document No. 102), the claims and allegations in Plaintiff's original Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 93) be GRANTED.

### I.   Background

Shaun Lee Babineaux ("Babineaux"), proceeding *pro se*, filed this suit against her former employer, Defendant Houston Independent School District ("HISD"), and numerous HISD employees, asserting a myriad of claims. Since the Complaint was filed, much of the activity in this case has been devoted to Babineaux's Motions for Default Judgment, which the District Court

---

[1] The substance of Plaintiff's response to Defendants' Motion to Dismiss is contained in Plaintiff's "Memorandum and Order on Motion for Reconsideration under Rule 60(b)" (Document No. 98).

denied on January 22, 2021 (Document No. 95), with the District Court also denying Babineaux's Motion for Reconsideration on May 26, 2021 (Document No. 103).

At issue in the pending Motion to Dismiss is: (1) whether the Court has subject matter jurisdiction over Babineaux's claims against HISD under the Whistleblower Protection Act, and whether Eleventh Amendment immunity bars Babineaux's claims under the Texas Whistleblower Act and for any state law torts; and (2) whether Babineaux has stated plausible claims against any of the Defendants for discrimination, retaliation, intentional infliction of emotional distress, and due process violations.

Babineaux's claims are far from clear in her pleading. In an "Employment Discrimination" form Complaint (Document No. 1), Babineaux checked the following boxes: Title VII, Other federal law (The Whistleblower Protection Act), relevant state law (Texas Whistleblower Act of 1983); relevant city or county law (Texas Penal Code § 36.06(1)(1)(A)(B), retaliation § 39.03(a)(1)(2)(b), official oppression). She also checked the boxes to indicate discrimination based on her race and religion. Aside from HISD, Babineaux named 25 additional defendants, 23 of whom are/were HISD employees/administrators/board members (Lisa Sullivan, Dr. Dawn Dubose-Randle, Jermani Justice, Tonnis A. Hilliard, Claudia Hernandez, Abigail Taylor, Julia Dimmitt, Dr. Grenita Lathan, Rick Cruz, Dr. Kenneth Davis, Dr. Doris Delaney, Lynn Castela, Anne Sung, Holly Maria Flynn Vilaseca, Kathy Blueford-Daniels, Patricia K. Allen, Daniela "Dani" Hernandez, Elizabeth Santos, Sue Deigaard, Wanda Adams, Judith Cruz, Melinda Southan-Martin, and Kristy Dobson), one of which is/was employed by the Texas Education Agency (AJ Crabill), and Alpha Kappa Alpha Sorority. Then, in eight pages of largely conclusory allegations, Babineaux alleges that HISD intentionally inflicted emotional distress upon her, retaliated against her under Title VII,

discriminated against her based on her race and religion, denied her due process, and violated her right to privacy; that Lisa Sullivan retaliated against her, and discriminated against her based on her race and religion; that Dr. Dawn Dubose-Randle discriminated against her based on her religion, retaliated against her, and subjected her to a hostile work environment; that Jermani Justice subjected her to intentional infliction of emotional distress; that Tonnis Hilliard, Claudia Hernandez, Lynn Castela and Kristy Dobson denied her due process and violated her right to privacy; that Abigail Taylor denied her due process relative to a performance appraisal/review; that Julia Dimmitt and Dr. Grenita Lathan denied her due process and intentionally inflicted emotional distress upon her; that Rick Cruz, Dr. Kenneth Davis, Anne Sung, Holly Maria Flynn Vilaseca, Kathy Blueford Daniels, Patricia Allen, Daniela Hernandez, Elizabeth Santos, Sue Deigaard, Wanda Adams, Judith Cruz, and Melinda Martin all intentionally inflicted emotional distress upon her; and that Dr. Delores Delaney and AJ Crabill failed to investigate her complaints. In the Order entered on January 22, 2021, denying Babineaux's Motions for Default, Babineaux was ordered to properly serve Dr. Doris Delaney, A.J. Crabill and Alpha Kappa Alpha Sorority within 21 days (Document No. 95). As of this date, there is no proof of service, much less proof of proper service, on Dr. Doris Delaney, A.J. Crabill and Alpha Kappa Alpha Sorority.

**III.    Discussion**

Defendants seek dismissal of all of Babineaux's claims, with Defendants arguing for dismissal of any claim that was, attempted to be, asserted in Babineaux's pleading. That means that Defendants' motion covers claims for which there is little, or no, factual support. The absence of factual support, and the wholly conclusory allegations against most of the Defendants, renders

3

Babineaux's claims not plausible under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Despite that, for purposes of clarity and completeness, Defendants' arguments for dismissal will be addressed one-by-one, in generally the same order in which they were raised in Defendants' Supplemental Motion to Dismiss.

> A. **Rule 12(b)(1) Subject Matter Jurisdiction**

Defendants first argue that the Court does not have subject matter jurisdiction over Babineaux's claims for violations of the Whistleblower Protection Act, 5 U.S.C. § 2302 ("WPA"), and violations of the Texas Whistleblower's Act, TEX. GOV'T CODE § 554.002 ("TWA"), and no subject matter jurisdiction over any claims against HISD or any individual defendants in their official capacities for intentional infliction of emotional distress and invasion of privacy. According to Defendants, claims under the WPA can only be brought by federal employees, which she is/was not, and can only be brought after complaints are raised with the Office of Special Counsel, which she did not do. As for the claims under the TPA, Defendants maintain that Eleventh Amendment immunity on such claims has *only* been waived for proceedings *in* state court, not in a federal proceeding such as this. Finally, Defendants maintain that HISD has immunity from any claims against it for intentional infliction of emotional distress and/or invasion of privacy under Texas law.

Babineaux does not dispute, or argue against, these bases for dismissal of her WPA claims, her TWA claims, or her state law claims for IIED and invasion of privacy as against Defendant HISD. For the reasons set forth by Defendants, and not disputed by Babineaux, the Court is without subject matter jurisdiction over Babineaux's WPA claims, her TWA claims, and her state law claims for IIED and invasion of privacy as against Defendant HISD. *See* 5 U.S.C. § 1214(a)(1)(A) ("The Special Counsel shall receive any allegation of a prohibited personnel practice and shall investigate

the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken."); *Thomas v. Odis C. Norris*, No. 1:07-CV-573, 2009 WL 3856920, at *8 (E.D. Tex. Nov. 16, 2009) (dismissing plaintiff's WPA claim because plaintiff did not "file a complaint with OSC or obtain a ruling from MSRB before bringing this suit" and because plaintiff was "not a federal employee when the alleged whistleblowing actions and reprisals occurred"); TEX. GOV'T CODE § 554.002(a) ("A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority."); TEX. GOV'T CODE § 554.035 ("A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."); TEX. GOV'T CODE § 554.007 ("(a) A public employee of a state governmental entity may sue under this chapter in a district court of the county in which the cause of action arises or in a district court of Travis County. (b) A public employee of a local governmental entity may sue under this chapter in a district court of the county in which the cause of action arises or in a district court of any county in the same geographic area that has established with the county in which the cause of action arises a council of governments or other regional commission under Chapter 391, Local Government Code."); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 (5th Cir. 2002) ("We recently held, however, that the Texas Whistleblower Act's waiver of sovereign immunity in Texas *state* court does not amount to a waiver of its sovereign immunity in *federal* court.") (emphasis in original); *Martinez v. Texas Dep't of Crim. Just.*, 300 F.3d

567, 575 (5th Cir. 2002) ("the [Texas Whistleblower] Act waives state sovereign immunity only in Texas state courts"); *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978) ("The law is well settled in this state that an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort."); *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 666 (S.D. Tex. 2000) ("The TTCA does not, however, waive immunity for intentional torts."). Defendants' Motion to Dismiss should, therefore, be GRANTED with regard to Babineaux's claims against Defendants under the WPA and TWA and Babineaux's state law claims against Defendant HISD.

    **B.**    **Rule 12(b)(6) Failure to State a Claim**

Defendants also argue that Babineaux's remaining claims – for race, religion and national origin discrimination and retaliation under Title VII, for due process violations under 42 U.S.C. § 1983, for violations of the Texas Penal Code, and for intentional infliction of emotional distress and invasion of privacy under Texas law – are not "plausible" and should be dismissed pursuant to FED. R CIV. P. 12(b)(6) for failure to state a claim.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### 1. Title VII

Defendants maintain that Babineaux has not, and cannot, state a plausible Title VII claim against any of the individual defendants in either their individual or official capacities, and that, with regard to Defendant HISD, Babineaux has failed to allege a *prima facie* case of race, religion and national origin discrimination, or retaliation, and has failed to exhaust her administrative remedies with respect to her national origin discrimination claim by failing to include it in the complaint she filed with the EEOC.

Babineaux's Title VII claims against the individual defendants in both their individual and official capacities must be dismissed. Individuals, such as those named as defendants herein, cannot

be held liable under Title VII. *Thomas v. Choctaw Mgmt./Servs. Enter.*, 313 F.3d 910, 911 (5th Cir. 2002) (An individual defendant's "status as an employee of the [plaintiff's] employer prevents [them] from being an 'employer' for purposes of [a] Title VII claim"); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)("title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer'"); *Jenkins v. Bd. of Educ. of Houston Indep. Sch. Dist.*, 937 F. Supp. 608, 612 (S.D. Tex. 1996) ("It is well settled in the Fifth Circuit that individual supervisors cannot be held personally liable under Title VII, as they are not 'employers' as that term is defined in Title VII."). In addition, claims against those individual defendants, in their official capacities, are considered claims against their employer – HISD – and are subject to dismissal as redundant. *Jenkins*, 937 F.Supp. at 613.

As for the Title VII claims against HISD, Defendants are wholly correct that Babineaux has not alleged facts that would state a *prima facie* case of race, religion, or national origin discrimination, or retaliation under Title VII. To state a *prima facie* case of discrimination, Babineaux would need to allege that she: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was treated less favorably than those outside the protected class. *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001). To state a *prima facie* case of retaliation, Babineaux would need to allege that she (1) engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment decision. *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 & n.8 (5th Cir. 1988). Babineaux's allegations, taken as true, do not align with the required elements of a *prima facie* case of race, religion, or national origin discrimination or retaliation. Babineaux alleges in her Complaint that her

supervisor(s) "kept [her] from performing [her] job duties and would often sabotage [her] projects"; that her supervisor changed her "job title at will"; that she was retaliated against for having questioned the use of grant funds; that she made "many complaints" about Defendants' conduct, and that her employment was terminated based on fabricated or falsified evidence. She also alleges, very generally, that comments were made about her hair, her education, and her religious references. She also alleges, very generally, that she complained (a lot) about how she was treated. Babineaux's allegations, taken as true, do not come close to stating plausible claims of race discrimination, religious discrimination, national origin discrimination or retaliation. Babineaux has, therefore, not stated, with the current allegations in her pleadings, Title VII claims of race discrimination, religious discrimination, national origin discrimination, or retaliation.

Moreover, with respect Babineaux's national origin discrimination claim, Defendants are also correct that Babineaux did not include such a claim in the EEOC complaint she filed. Nowhere in that complaint is there any reference to Babineaux's national origin, or any complaints or references that were made by any Defendant related thereto. Based on Babineaux's failure to include a national origin discrimination allegation or claim in her EEOC complaint, that national origin discrimination claim is additionally subject to dismissal herein for failure to exhaust administrative remedies. *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 416 n.1 (5th Cir. 2016) (claims for which a plaintiff has not exhausted his administrative remedies are barred from review in federal court).

### 2.     Due Process Violations under § 1983

Defendants next argue that Babineaux's due process claims under § 1983, which have been alleged against several of the individual defendants, should be dismissed because there are no allegations that Babineaux suffered a violation of rights secured by the Constitution or laws of the United States, or that any alleged constitutional deprivation was committed by a person acting under color of state law.

Here, Babineaux alleges broadly, and without any specifics, that her due process rights were violated when several of the individual defendants failed to abide by District policies. Babineaux has not clearly identified what policies she claims were violated, or how any such policies gave rise to a specific constitutional right upon which she is entitled to seek redress under § 1983. Babineaux's "due process" allegations are nothing more than conclusory labels that do not state a plausible claim under § 1983.

### 3.     Texas Penal Code claim

Defendants next argue that Babineaux has not, and cannot, state a plausible claim under the Texas Penal Code because there is no private cause of action for violations of the Texas Penal Code. Again, Babineaux does not dispute this, or argue with any specificity, about the plausibility of a claim under the Texas Penal Code.

As a matter of law, a private citizen cannot sue others for alleged violations of the Texas Penal Code. *Hamilton v. Pechacek*, 319 S.W.3d 801, 813 (Tex. App. 2010) ("the Texas Penal Code does not create a private cause of action"). Any claim Babineaux alleged, or attempted to allege, against Defendants for violation of any provision(s) of the Texas Penal Code is not plausible and must be dismissed.

### D.     Texas state law claims

Defendants next argue that Babineaux has not stated plausible claims against the individual defendants, in their individual capacities, for the state law claims of intentional infliction of emotional distress, invasion of privacy, fraud, and negligence. According to Defendants, because there are no allegations that any of the individual defendants was, in connection with any of Babineaux's complaints, acting outside the scope of their employment, there is no plausible cause of action against any of them for any state law tort-based claims.

> Under § 22.051(a) of the Texas Education Code:
>
> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

Nothing in Babineaux's Complaint, or her allegations as against any of the individual defendants, takes any of her state law claims outside the scope of § 22.051 of the Texas Education Code. As such, the individual defendants have no individual liability on Babineaux's state law tort-based claims, and those claims should be dismissed for failure to state a claim.

### E.     Punitive Damages Claim

Defendants also argue in their Motion to Dismiss that Babineaux's claim for punitive damages should be dismissed because punitive damages are not available as against a governmental agency such as a school district. Babineaux does not dispute this, and the law is clear that punitive damages are not recoverable from municipal entities, including school districts like HISD. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("we hold that a municipality is immune

from punitive damages under 42 U.S.C. § 1983"); *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 465–66 (5th Cir. 2001) (while "plaintiffs asserting a Title VII claim [may] recover compensatory and punitive damages, provided that recovery is unavailable under § 1981," § 1981a(b) specifically "precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions"); TEX. CIV. PRAC. & REM. CODE § 101.024 ("This chapter [Governmental liability: tort claims] does not authorize exemplary damages."). Babineaux's request for punitive damages should therefore be dismissed.

### F. Other Potential Claims

Finally, in order to address all the claims Babineaux may have attempted to allege, Defendants maintain that any claim Babineaux attempted to assert under the Americans with Disabilities Act or the Texas Worker's Compensation Act are subject to dismissal because Babineaux did not exhaust her administrative remedies for an ADA claim, and because Babineaux did not allege that HISD was subject to the Texas Worker's Compensation Act as a subscriber.

The entirety of the allegations in Babineaux's complaint have been reviewed and the undersigned concludes that there is no claim stated for violations of either the ADA or the Texas Worker's Compensation Act. No meaningful reference was made to either the ADA or the Texas Worker's Compensation Act in Babineaux's pleading, and Babineaux did not check the ADA box on the form complaint she filed as a basis for jurisdiction, nor did she make reference to the Texas Worker's Compensation Act. Those claims have not been alleged, much less plausibly so. As such, any attempted or intended claim under the ADA or the Texas Worker's Compensation Act should be dismissed for failure to state a claim.

**III.     Availability of Amendment**

Having determined that Babineaux has not, for the reasons set forth above, stated plausible Title VII claims against Defendant HISD, it must next be considered whether Babineaux should be allowed an opportunity to amend her Complaint.

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). This is particularly true if the plaintiff is proceeding *pro se. Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

Here, as set forth above, Babineaux has not set forth facts that would state plausible claims against any of the defendants. Most of her claims fail as a matter of law. As for the claims that are subject to dismissal for pleading deficiencies, they are the claims Babineaux asserted under Title VII for race discrimination, religious discrimination, national origin discrimination, and retaliation. With regard to the national origin discrimination claim, because nothing in Babineaux's allegations indicate or suggest that Babineaux's national origin played any role in Defendants' conduct, and because Babineaux did not exhaust her administrative remedies for such a claim, it would be futile to allow Babineaux an opportunity to amend her allegations in an attempt to state a plausible national origin discrimination claim. It cannot be said, however, that it would be futile to allow

Babineaux an opportunity to file an amended pleading in order to attempt to state plausible Title VII claims against Defendant HISD for race discrimination, religious discrimination, and retaliation. Although Defendants creditably argue that Babineaux cannot allege facts that would state plausible claims, given Babineaux's *pro se* status, the undersigned concludes that Babineaux should be given an opportunity to amend her pleadings, and that justice so requires.  As such, Babineaux should be allowed to amend her pleadings in an attempt to state, with facts, Title VII claims of race discrimination, religious discrimination and retaliation against Defendant HISD.

## IV.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that Babineaux has not alleged any plausible claims against Defendants, but should be given an opportunity to amend her claims, as against Defendant HISD only, for Title VII race discrimination, Title VII religious discrimination, and Title VII retaliation, the Magistrate Judge

RECOMMENDS that Defendants' Supplemental Rule 12(b) Motion to Dismiss (Document No. 93) be GRANTED, but that Plaintiff Shaun Lee Babineaux be given 21 days to file an amended pleading in order to allege facts that would support Title VII claims against Defendant HISD for race discrimination, religious discrimination and retaliation.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss.   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S.

140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 19th day of July, 2021.

Frances H. Stacy
United States Magistrate Judge